IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FOSTER WATKINS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA, and MICHAEL MYERS, The Director of the Douglas County Corrections Center Corporation (DCCCC);<br><br>Respondents. | 8:22CV277<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on initial review of Petitioner Foster Watkins' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] *See* Filing Nos. 1, 3. 4, & 5.[2] For the reasons discussed below, the Petition will be dismissed without prejudice.

Liberally construed, in his Amended Petition filed on August 1, 2022 (the "Petition"), Petitioner claims that on March 11, 2022, he was booked into the Douglas County Corrections Center ("DCCC"), was held without being formally charged for five days, was denied the right to confront witnesses against him at his preliminary hearing,

---

[1] This initial review of the petition is conducted pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] For purposes of this initial review, the Petition includes Petitioner's original petition, Filing No. 1, his amended petition, Filing No. 3, and his two supplemental filings, Filings No. 4 & 5.

that no evidence presented supported a finding of probable cause for continuing to detain him, the instrument used to charge his was "defective," he received ineffective assistance from his court-appointed counsel, and he was denied the ability to terminate his counsel's representation in violation of both state law and his Constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Filing No. 3 at 1–2. As relief, Petitioner asked for this Court to dismiss the case against him and release him from prison. Id. at 2.

Petitioner's state court records, available to this Court online, confirm that Petitioner was sentenced on September 27, 2022, in Case No. CR22-1238 in the County Court of Douglas County, Nebraska for a term of 364 days, with 200 days given as credit for time served. Although less than 364 days have passed since he was taken into custody, on November 14, 2022, in response to an order issued by this Court requesting Plaintiff update his address after his mail addressed to him at DCCC was returned as undeliverable, Plaintiff updated his address indicating he was no longer incarcerated. Filing No. 15. A check of DCCC's public inmate records also returns no results in a search for Petitioner's name or data number. See https://corrections.dccorr.com/inmate-locator (last accessed January 17, 2023). Thus, it is apparent that Petitioner is no longer in DCCC custody.

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy

2

under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. See *Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Petitioner has been sentenced and released from DCCC, the Court concludes this case is moot and must be dismissed as this Court cannot grant the relief requested. See *McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner). Additionally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio,* 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

The Petition for writ of habeas corpus, Filing No. 3, and any amendments or supplements thereto; Filing No. 4; Filing No. 5, is dismissed without prejudice. No certificate of appealability has been or will be issued. The Court will enter judgment by separate document.

Dated this 19th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court

4